SHIRLING *v.* HESTER *et al.*

GRICE, Justice. The complainant's right to an injunction being based on his alleged ownership of the timber, and the proofs authorizing the conclusion that he owned no more than an undivided half interest therein subject to two security deeds hereinafter referred to, and that none of the agreed purchase-price had been paid, and it being further shown that the timber, the cutting of which was sought to be enjoined, was being cut under an arrangement between the holder of the two security deeds and the two persons who owned the land and timber subject thereto, under which arrangement the proceeds of the timber were to be applied to the extinguishment of the two debts described in the said security deeds, and it not being shown that any of the defendants were insolvent, and no attack being made on the two security deeds, which the complainant had agreed to pay and discharge, but which he had not done, there was no error in refusing an interlocutory injunction.

(a) A different result is not required on account of the fact that on August 24, 1944 (the instant suit having been filed on May 1, 1944), the complainant filed an amendment reciting that he now comes and pays into the registry of the court a certain sum representing the

amount due on the debts named in the two above-referred-to security deeds, and tenders the same to the holder of said deeds, there being attached to said tender four alternate conditions.

*Judgment affirmed.  All the Justices concur.*

No. 15052.  JANUARY 6, 1945.  REHEARING DENIED FEBRUARY 9, 1945.

864

*R. S. Wimberly,* for plaintiff.    *G. Y. Harrell,* for defendants.